86 F.3d 1146
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Astor D. CHANCE, Plaintiff, Appellant,
v.
TAIWAN, Defendant, Appellee.
Astor D. CHANCE, Plaintiff, Appellant,
v.
UNITED STATES of America, et al., Defendants, Appellees.
 Nos. 95-1526, 95-1573, 95-1629.
 United States Court of Appeals, First Circuit.
 May 23, 1996.
 
 Astor D. Chance on brief pro se.
 Before SELYA, CYR and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 We affirm the judgments in these consolidated appeals substantially for the reasons recited by the district court. We add only the following comments.
 
 
 2
 1. The Government of Taiwan is amenable to suit in the United States only in accordance with the terms of the Foreign Sovereign Immunities Act of 1976 (FSIA), 28 U.S.C. §§ 1602-11. See, e.g., Millen Indus., Inc. v. Coordination Council for North American Affairs, 855 F.2d 879, 883 (D.C.Cir.1988) ("all laws, including the FSIA, [that are] applicable to nations also apply to Taiwan"); see generally Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 443 (1989) (FSIA "provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country"). Plaintiff is mistaken in arguing that the FSIA's applicability to Taiwan is affected by § 4(b)(7) of the Taiwan Relations Act, 22 U.S.C. § 3303(b)(7), which provides simply that the capacity of Taiwan "to sue and be sued" in United States courts is not altered "by the absence of diplomatic relations or recognition." His further suggestion that Taiwan's amenability to suit is affected by the Torture Victim Protection Act of 1991, Pub.L. No. 102-256, 106 Stat. 73 (set forth in note following 28 U.S.C. § 1350), is likewise misplaced.
 
 
 3
 2. For the reasons enumerated in Saudi Arabia v. Nelson, 507 U.S. 349 (1993), plaintiff's attempt to invoke the "commercial activity" exception to the FSIA proves unavailing. In particular, because the governmental conduct of which he complains is "peculiarly sovereign in nature," id. at 361, his action cannot be regarded as one "based ... upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere...." 28 U.S.C. § 1605(a)(2).
 
 
 4
 3. Finally, we reject the procedural objection voiced by plaintiff in Nos. 95-1573 & 95-1629. Inasmuch as a frivolous complaint can properly be dismissed under 28 U.S.C. § 1915(d) on a sua sponte basis, see, e.g., Neitzke v. Williams, 490 U.S. 319, 324, 330 (1989), the court did not err in dismissing these actions in advance of its indicated twenty-day deadline. Plaintiff, we note, has made no effort to buttress his substantive arguments in this regard on appeal.
 
 
 5
 Affirmed.